IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2024 Session

## KEDALO CONSTRUCTION, LLC ET AL. v. LINDA DUYGUL WARD ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 22-CV-1380     Matthew Joel Wallace, Judge**

_____

### No. M2024-00224-COA-R3-CV

_____

Ms. Ward hired Kedalo Construction LLC ("Kedalo") to renovate her store. She claimed that the work was not completed or was not done properly. After Kedalo attempted to remedy the situation, Ms. Ward was still not satisfied. Kedalo then said she was not their problem anymore. Ms. Ward created a website and Facebook page criticizing the company. Kedalo sued for defamation. Ms. Ward responded with a petition to dismiss pursuant to the Tennessee Public Participation Act. After many filings and a deposition, the trial court dismissed the petition. Ms. Ward appeals. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Daniel Alexander Horowitz and Melissa Kathleen Dix, Nashville, Tennessee, for the appellants, Linda Duygul Ward and Caledonia Forest, LLC.

Michael Anthony Johnson and Fred Dalton Thompson, III, Nashville, Tennessee, for the appellees, Kedalo Construction, LLC, and Randy Whetsell.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

In July 2021, Ms. Ward, the owner and operator of Caledonia Forest, LLC, hired Kedalo to renovate her new store. Mr. Randy Whetsell, the owner of Kedalo, assured her the work, including painting, flooring installation, ceiling installation, electrical work, and stonework, could be finished in time for the store to open by October 1, 2021. In September,

Mr. Whetsell notified Ms. Ward that the renovation was complete. Ms. Ward, however, did not agree. There was spilled paint on some floor tiles, the hallway and three back rooms were unfinished, the door separating the store from the back offices had a large gap allowing customers to see into the back rooms, and tiling on a pillar had been "sloppily applied with large gaps between the tiles."

In response to a call from Ms. Ward, Mr. Whetsell sent his crew back to the store to make touchups, apply tile and grout and perform other corrections. The work was not completed in time to open the store on October 1, 2021. Ms. Ward claimed that, to make up for the unfinished work, Mr. Whetsell stated he would waive his builder's fee and only charge for labor and materials. However, the invoice Ms. Ward received included the cost of unauthorized tile for the pillar and labor charges for Kedalo fixing the mistakes. After much discussion and a few bounced checks, Ms. Ward paid off Kedalo. Months later, Mr. Whetsell sent Ms. Ward a new invoice seeking the builder's fee of $8,000 that he had previously offered to waive. She paid the invoice.

Meanwhile, Ms. Ward was left with an unfinished store and approximately $5,000 worth of tile missing. She contacted Heritage Tile, who said Kedalo had the tile. Kedalo said Heritage Tile had it. When talking to Mr. Whetsell about the tile, he said, "You guys aren't my f--king problem anymore," and hung up.

Ms. Ward created a website, www.KedaloConstructionScam.com, to recount her experience with Kedalo. On the site, she accused Kedalo and Mr. Whetsell of stealing tiles, scamming her, defrauding and harassing her. She created a similar Facebook page. Ms. Ward also posted reviews on Kedalo's Better Business Bureau and Yelp profiles accusing the company of misconduct.

On July 14, 2022, Kedalo and Mr. Whetsell sued Ms. Ward and her store for defamation, defamation by implication, false light, and violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(8). The defendants responded with a petition to dismiss pursuant to the Tennessee Public Participation Act ("TPPA"). The plaintiffs filed an amended complaint, and the defendants again responded with a TPPA petition to dismiss. Because discovery is stayed when a TPPA petition is filed, the plaintiffs moved, on October 21, 2022, the trial court to allow the deposition of Ms. Ward. On November 3, 2022, Judge Olita recused herself and four days later Judge Wallace was designated to hear this case. An onslaught of filings, motions, responses to filings, replies to responses to filings, and objections to evidence followed over the next two months.

After a hearing on December 19, 2022, nothing happened for six months. On July 15, 2023, the parties jointly reminded the court that the defendants' motion to dismiss and the plaintiffs' motions for a temporary injunction and motion for discovery were still pending. The trial judge responded with an order on August 1, 2023, that denied the motion for a temporary injunction, granted the motion for discovery and ordered the dismissal

issue to be placed on the docket after completion of discovery. On November 3, 2023, the trial court held a hearing on the TPPA petition to dismiss the plaintiffs' amended complaint. The trial court took the matter under advisement. On December 12, 2023, pursuant to Local Rule 30 counsel reminded the court that the matter had been pending for more than thirty days. The trial court issued its ruling on February 7. 2024, denying the defendants' TPPA petition to dismiss the complaint. The trial court determined, "that the motion to dismiss is not well-taken in that Defendants have not met their burden." The defendants appealed.

ANALYSIS

We will discuss the issues raised in this case below, reordering, restating and combining some issues, and will omit some issues that are pretermitted or premature.

I. Whether the defendants met their initial burden under
Tenn. Code Ann. § 20-17-105(a).

As a preliminary matter, we note that making findings of fact is always the best option, whether required or not. The trial court simply ruled "that Defendants have not met their burden." This is an ultimate decision without factual backing. Because no findings of fact were made, a reviewing court is "left to wonder on what basis the court reached its ultimate decision." *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015) (quoting *In re Est. of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 (Tenn. Ct. App. Feb. 10, 2015)). "When the trial court fails to explain the factual basis for its decisions, we may conduct a de novo review of the record to determine where the preponderance of the evidence lies or remand the case with instructions to make the requisite findings of fact and conclusions of law and enter judgment accordingly." *Id.* at 783. In the interest of judicial economy, we will sift through the record to determine if the trial court's ultimate decision was correct.

The General Assembly has supplied the steps a court must go through in analyzing a TPPA petition:

> Once a TPPA petition is filed, "[a] response to the petition, including any opposing affidavits, may be served and filed by the opposing party no less than five (5) days before the hearing[,]" and "all discovery in the legal action is stayed upon the filing of a petition under" the TPPA. *Id.* [Tenn. Code Ann.] § 20-17-104(c), (d). If the party petitioning for dismissal makes a "prima facie case that [the] legal action against the petitioning party is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association[,]" the court "shall dismiss the legal action unless the responding party establishes a prima facie case for each essential element of the claim in the legal action." *Id.* § 20-17-105(a), (b). Notwithstanding subsection 105(b), "the court shall dismiss the

legal action if the petitioning party establishes a valid defense to the claims in the legal action." *Id.* § 20-17-105(c). When considering a petition filed under the TPPA, the court may consider "supporting and opposing sworn affidavits stating admissible evidence upon which the liability or defense is based and on other admissible evidence presented by the parties." *Id.* § 20-17-105(d).

*Nandigam Neurology, PLC v. Beavers,* 639 S.W.3d 651, 659-60 (Tenn. Ct. App. 2021).

The plaintiffs' "Supplemental Response to Defendants' Motion to Dismiss the Plaintiffs' Amended Complaint and Tenn. Code Ann. § 20-17-104(a) Petition to Dismiss Plaintiffs' Amended Complaint pursuant to the Tennessee Public Participation Act" reveals that the plaintiffs made no claim that the defendants did not meet their burden under Tenn. Code Ann. § 20-17-105(a). Rather, the plaintiffs' response jumps right into meeting the requirements of Tenn. Code Ann. § 20-17-105(b). We find that the plaintiffs waived any claim that the defendants did not meet their burden under Tenn. Code Ann. § 20-17-105(a).

The case must be remanded for the trial court to consider the proof under Tenn. Code Ann. § 20-17-105(b) and (c).

II. Whether there is a time limit for submitting evidence for the hearing.

The hearing about the TPPA petition occurred on the morning of November 3, 2023. During the hearing, the defendants referenced deposition excerpts that they had filed. They noted that the plaintiffs had not introduced any of Ms. Ward's deposition. That afternoon, well after the hearing had concluded, the plaintiffs filed the entire transcript of Ms. Ward's deposition pursuant to Tenn. R. Civ. P. 32.01(4) and Tenn. R. Evid. 106. The defendants maintain that Tenn. Code Ann. § 20-17-104(c) makes the filing of the entire deposition late and inadmissible: "A response to the petition, including any opposing affidavits, may be served and filed by the opposing party no less than five (5) days before the hearing or, in the court's discretion, at any earlier time that the court deems proper."

From the natural and ordinary meaning of the words in the statute, five days before the hearing is the latest you can file a response to the petition. *Griffin v. Campbell Clinic, P.A.,* 439 S.W.3d 899, 903 (Tenn. 2014) (stating that statutes are interpreted in accordance with "the natural and ordinary meaning" of the words). Everything that plaintiffs file related to the hearing on the petition is a response to the petition, even an affidavit. The same would be true of a deposition. Therefore, Tenn. Code Ann. § 20-17-104(c) bars filing a deposition after the hearing. The rules cited by the plaintiffs do not permit a late-filed deposition either. They require the entire deposition to be introduced "at that time of any other part which ought in fairness to be considered contemporaneously with it." TENN. R. CIV. P. 32.01(4); *see also* TENN. R. EVID. 106 (similar language).

- 4 -

III. Whether the case should be reassigned on remand.

Due to past delays, the defendants ask this court to order that the case be reassigned. At this point, we do not see reassignment as necessary. We do, however, caution the trial court that cases must be moved along as expeditiously as possible. We, therefore, order the trial court to hold a case status conference promptly upon remand and to enter a scheduling order that will enable this matter to be resolved speedily.

CONCLUSION

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellees, Kedalo Construction, LLC and Mr. Randy Whetsell, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE